**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHEVRON INTELLECTUAL** | § | |
| **PROPERTY LLC and** | § | |
| **CHEVRON U.S.A. INC.** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:18-cv-158** |
| | § | |
| **SARIEL PETROLEUM, LLC,** | § | |
| **SARIEL ENTERPRISES, LLC,** | § | |
| **ARAEL DOOLITTLE, TRACY K.** | § | |
| **MARTINEZ, BRYAN MARTINEZ,** | § | |
| **ALVIN DIAZ, ARNOLD SALINAS,** | § | |
| **KEN WATSON, RODNEY SHANK,** | § | |
| **and MICHAEL SZUCS** | § | |

**DEFENDANTS' SURREPLY TO PLAINTIFFS' RESPONSE TO MOTION TO STRIKE
DEFENDANTS' DEMAND FOR TRIAL BY JURY [Dkt. #180]**

1.      Technical insistence upon imposing a penalty of default [under Rule 38] by denying a jury trial "is not in the spirit of the rules" (9C. WRIGHT A. MILLER, Federal Practice and Procedure, §2334 at 115-116) 1967.   The opinion of these two (2) renowned constitutional scholars, speaks to the relationship between the constitutional right to trial by jury and the application of the Federal Rules of Civil Procedure 38.

2.      In that regard, Rule 39(b) serves as an equitable counterbalance to the rigid time table implementations of Rule 38.   Rule 39(b) provides that "…[notwithstanding the failure of a party to demand jury in an action which such a demand might have been made of White, the Court in its discretion upon motion may order a trial by jury of all or any issues"].   The 7th Amendment confers a fundamental right and Rule 39(b) grants District Courts' discretion to remove a party from waiver of jury trial under Rule 38.   *Swofford v. BW, Beach*.   336 F. 2d 406, 408 (5th Cir.), circ. denied 379 U.S. 962, 1964.   When discretion of the Court is invoked under Rule 39(b), the

Court shall grant a jury trial in the absence of strong compelling reasons to the contrary." *Id*. at 405. A motion for trial by jury under this rule [Rule 39(b)] "should be favorably received unless there are persuasive reasons to deny it. *United States v. Unum*, 658 F2d 300, 303 (5th Cir. 1981).

3.      In the *Parrott* case, the 11th Circuit identified five (5) factors that the District Court should consider in the exercise of its discretion under Rule 39(b) to overcome waiver of jury trial:

1.  Whether the case involves issues best tried by the jury;

2.  Whether granting the motion would result in disruption of the Court's schedule or that of the adverse party;

3.  The degree of prejudice;

4.  The length of delay in having requested a jury;

5.  The reasons for the movant's tardiness in requesting a jury.

*Parrott v. Wilson*, 707 F2d 1262, 1267 (11th Circuit), 464 U.S. 963. *Parrott v. Wilson*, 707 F2d 1262, 1267 (11th Circuit), cert. denied, 464 U.S. 936, 104 S. Ct. 344 (1983).

4.      These items are known as the Parrott considerations. In the instant case as to Parrott consideration #1 as a trademark case, as previously referenced in its Response to Plaintiffs' Motion to Strike Defendants' Demand for Jury, it is well settled that trademark infringement cases hinge upon judgments about consumer perception and a finding of infringement requires a finding that consumers are likely to be confused as to source. The Supreme Court in *Hannah* held that,

> "Application of a test that relies upon an ordinary consumer's understanding of the impression that a mark conveys falls comfortably within the ken of a jury."

In that quote, when the relevant question as how an ordinary person or community would make an assessment, the jury is generally the decision maker that ought to provide the fact intention. *Hannah Fin, Inc*., 135 S. Ct. 907, 911. Therefore, regarding Parrott consideration # 1 the answer is <u>Yes</u>.

5.      Parrott consideration #2, regarding the Court's schedule or that of adverse party, the Plaintiffs have not asserted any disruption related to this case being heard by a jury.  Therefore, the answer to Parrott consideration #2 is <u>No</u> disruption of Court or adverse party schedule.

6.      Parrot consideration #3 is prejudice.  Plaintiffs have not alleged that they would in any way be prejudiced by the case being heard by a jury as opposed to the Court.  Therefore, Parrott consideration #3 is <u>No</u> prejudice.

7.      Regarding Parrott consideration #4, a delay in having requested a jury.  There is no evidence of any delay being caused by requesting a jury.  The Parrott consideration #4 is <u>No</u> delay.

8.      Finally, with regard to Parrott consideration #5, the Defendants set forth in their Response to Plaintiffs' Motion to Strike the reason for Movants' tardiness in requesting a jury trial. However, it should be noted that a delay in making the request for a demand for jury is not in and of itself grounds for waiver of a right to jury trial.  *Daniel Intl.*, 916 F2d at 1064.

<u>Conclusion</u>

9.      Application of the Parrott considerations show (1) the case involves issues best tried to a jury; (2) that there would be no disruption of the Court's schedule or the Plaintiffs' schedule; (3) that there would be no prejudice to the Plaintiffs by trying the case to a jury; (4) that having a jury will not cause any delay in the trial of the case; and (5) that the Movant has provided an explanation for the delay in filing its demand.  According to both the courts and legal scholars alike, regarding Rule 38 and Rule 39, it is the "spirit of the rules" that should prevail over its technical applications when balanced with the 7th Amendment's constitutional right to trial by jury. The "spirit of the rules", Defendants submit, is the preservation of trial by jury.

Respectfully submitted,


COATS ROSE, P.C.


By:   /s/ Dwight E. Jefferson

Dwight E. Jefferson
Attorney in Charge for Defendants,
Sariel Petroleum, LLC and Arael Doolittle
State Bar No. 10605600
Email: djefferson@coatsrose.com
9 Greenway Plaza, Suite 1000
Houston, Texas 77046
(713) 653-7378 – Telephone
(713) 651-0220 – Facsimile

ATTORNEY FOR DEFENDANTS,
SARIEL PETROLEUM, LLC, AND ARAEL
DOOLITTLE




## CERTIFICATE OF SERVICE

I hereby certify the foregoing instrument was forwarded to all counsel of record using the Court's ECF system, which will cause a true and correct copy be served on this 28th day of August 2019.

/s/ Dwight E. Jefferson
Dwight E. Jefferson