United States District Court
Southern District of Texas
**ENTERED**
September 06, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHEVRON INTELLECTUAL PROPERTY LLC *and* CHEVRON U.S.A. INC., | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-18-158 |
| SARIEL PETROLEUM LLC *et al.*, | § § § | |
| Defendants. | § § § | |

ORDER

Pending before the Court are Plaintiffs' Motion to Strike Defendants' Demand for Trial by Jury (Document No. 155) and Dwight E. Jefferson's Emergency Motion to Withdraw as Counsel and Motion for Extension of Time to Respond to Plaintiffs' Renewed Motion for Reasonable Fees and Expenses and for Sanctions and Plaintiffs' Motion for Summary Judgment on Liability (Document No. 184). Having considered the motions, submissions, and applicable law, the Court determines the motion to strike should be denied and the motion to withdraw should be denied without prejudice.

I. BACKGROUND

This is a trademark infringement case. Plaintiff Chevron Intellectual Property LLC ("Chevron Intellectual") allegedly owns several federally-registered

trademarks (the "Trademarks"). Plaintiff Chevron U.S.A. Inc. ("Chevron USA") is the alleged primary licensee of the Trademarks. Defendants Sariel Petroleum LLC and Sariel Enterprises LLC (collectively, the "Sariel Entities") are business entities that are allegedly related. Defendants Arael Doolittle ("Doolittle"), Alvin Diaz ("Diaz"), Bryan Martinez ("B. Martinez"), Tracy Martinez ("T. Martinez"), Arnold Salinas ("Salinas"), Rodney Shank ("Shank"), Michael Szucs ("Szucs"), and Ken Watson ("Watson")[1] are individuals who allegedly participated in a scheme with the Sariel Entities to falsely associate with Chevron Intellectual and Chevron USA (collectively, "Chevron") and to infringe on the Trademarks. Chevron specifically alleges the Sariel Entities and the Individual Defendants, without authorization, used the Trademarks on letterhead, in emails, in oral and written communications, with regard to online domain names, and on one or more bank accounts.

Based on the foregoing, on January 19, 2018, Chevron filed this lawsuit. On January 7, 2019, with the Court's leave, Chevron filed an amended complaint that, *inter alia*, named as defendants Szucs and Watson. Chevron brings claims against the Sariel Entities and the Individual Defendants under federal and Texas law for trademark counterfeiting, trademark infringement, contributory trademark infringement, unfair competition, false advertising, dilution, cyberpiracy, and civil

---

[1] The Court refers to Doolittle, Diaz, B. Martinez, T. Martinez, Salinas, Shank, Szucs, and Watson, collectively, as the "Individual Defendants."

conspiracy. On July 31, 2019, Chevron moved to strike the demand for jury trial filed by the Sariel Entities and Doolittle (collectively, the "Jury Defendants"). On September 3, 2019, Dwight E. Jefferson ("Jefferson")—counsel for Sariel Petroleum LLC and Doolittle—moved to withdraw and, if withdrawal is granted, for an extension of time to respond to certain motions ("Jefferson's Motion").[2]

## II. LAW & ANALYSIS

Chevron moves to strike the demand for jury trial filed by the Jury Defendants. Jefferson moves to withdraw and, if withdrawal is granted, for an extension of time to respond to certain motions filed by Chevron. The Court addresses each motion in turn.

*A.   Chevron's Motion to Strike*

Chevron moves to strike the demand for jury trial filed by the Jury Defendants, contending the Jury Defendants waived their right to a jury trial by not timely asserting it. The Jury Defendants contend the motion to strike should be denied. "The right to jury trial preserved by the Seventh Amendment to the Constitution and embodied in Federal Rule 38(a) is not self-enforcing." 9 Wright & Miller, *Federal Practice and Procedure* § 2318 (3d ed. 2018). Even if a party fails to timely demand its right to trial by jury, Federal Rule of Civil Procedure

---

[2] On September 4, 2019, the Court ordered expedited briefing on Jefferson's Motion. *Order*, Document No. 185. Jefferson's Motion is now ripe for consideration.

Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

The Court must order a jury trial under Rule 39(b) absent "strong and compelling reasons to the contrary." *Certain Underwriters at Lloyds London v. Corp. Pines Realty Corp.*, 355 F. App'x 778, 781 (5th Cir. 2009) (per curiam) (quoting *Pinemont Bank v. Belk*, 722 F.2d 232, 237 (5th Cir. 1984)). The Court's analysis is guided by five factors: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

Having carefully considered all five factors, the Court finds no strong or compelling reason not to enforce the demand for jury trial. This case involves alleged trademark infringement, issues suited for a jury. There is no suggestion or evidence that ordering a jury trial would disrupt any schedule of the Court or the parties. Nor is there any suggestion or evidence that ordering a jury trial would prejudice any party. The Jury Defendants state they filed the jury demand promptly after being served with a report of Chevron's expert, which suggested for the first

time Chevron had evidence to support claims for money damages.³ There is no suggestion or evidence of an improper delay tactic by the Jury Defendants. Because the Court finds no strong or compelling reason not to enforce the Jury Defendants' demand for jury trial, Chevron's motion to strike is denied.

B.   *Jefferson's Motion*

Jefferson moves to withdraw as counsel for Sariel Petroleum LLC and Doolittle (collectively, "Jefferson's Clients"). If withdrawal is granted, Jefferson requests an extension of time for Jefferson's Clients to respond to a motion for sanctions (the "Sanctions Motion") and a motion for summary judgment (the "Summary Judgment Motion"), both filed by Chevron. The Court has "broad inherent power to control its docket and manage trials." *United States v. Colomb*, 419 F.3d 292, 300 (5th Cir. 2005). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). The record must reflect an appropriate basis for granting leave to withdraw, for "unsubstantiated claims are insufficient." *F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) (Rosenthal, C.J.); *see also* Tex. R. Prof'l Conduct 106 cmt.4 ("A potential possible conflict does not itself necessarily preclude the representation."). "Attorneys

---

³ *Defendant's Response to Plaintiff's Motion to Strike Defendants' Demand for Jury Trial*, Document No. 162 at 2.

motion to withdraw." *White v. BAC Home Loans Serv., LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (Fish, J.). "This is especially true where . . . an attorney seeks to withdraw over his client's objection." *Id.*

Jefferson states representation of Jefferson's Clients is adversely limited by Jefferson's own interests because Chevron seeks sanctions against Jefferson's Clients and Jefferson in the Sanctions Motion. On August 16, 2019, Chevron filed the Sanctions Motion against, *inter alia*, Jefferson's Clients and Jefferson.[4] On September 3, 2019, Jefferson's Motion was filed, seeking to withdraw in light of the Sanctions Motion. Jefferson's Clients oppose Jefferson's Motion.[5] Jefferson does not identify substitute counsel.[6] Jefferson identifies only the Sanctions Motion in support of withdrawal.

The Court finds it is appropriate to defer ruling on the Sanctions Motion until resolution of all substantive claims in this case. *United States v. Colomb*, 419 F.3d 292, 300 (5th Cir. 2005) (explaining the Court has "broad inherent power to control its docket and manage trials"). Any due dates for briefing currently

---

[4] *Plaintiff's Renewed Motion for Reasonable Fees and Expenses and for Sanctions Pursuant to Federal Rule of Civil Procedure 37*, Document No. 171.

[5] *Dwight E. Jefferson's Emergency Motion to Withdraw as Counsel and Motion for Extension of Time to Respond to Plaintiffs' Renewed Motion for Reasonable Fees and Expenses and for Sanctions and Plaintiffs' Motion for Summary Judgment on Liability*, Document No. 184 at 5 [hereinafter *Jefferson's Motion*].

[6] *Jefferson's Motion, supra* note 5, at 4–5.

associated with the Sanctions Motion are therefore abated until further notice, which the Court will provide after resolution of the substantive claims. Because Jefferson points only to the Sanctions Motion—the resolution of which is now abated—in support of withdrawal, the Court finds Jefferson fails to demonstrate good cause to withdraw. In light of this finding, the Court need not reach Jefferson's request for an extension of time for Jefferson's Clients to respond to the Summary Judgment Motion. Accordingly, Jefferson's Motion is denied without prejudice, subject to being refiled within fourteen days after resolution of all substantive claims in this case.[7]

### III. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' Motion to Strike Defendants' Demand for Trial by Jury (Document No. 155) is **DENIED**. The Court further

**ORDERS** that Dwight E. Jefferson's Emergency Motion to Withdraw as Counsel and Motion for Extension of Time to Respond to Plaintiffs' Renewed Motion for Reasonable Fees and Expenses and for Sanctions and Plaintiffs' Motion for Summary Judgment on Liability (Document No. 184) is **DENIED WITHOUT**

---

[7] After all substantive claims are resolved, should Jefferson assert a conflict of interest precludes resolution of the Sanctions Motion, the Court will permit Jefferson to file a renewed motion to withdraw within fourteen days after resolution of all substantive claims in this case.

**PREJUDICE** subject to being refiled within fourteen days after resolution of all substantive claims in this case. The Court further

**ORDERS** that all due dates for briefing associated with the Sanctions Motion are abated until further notice, which the Court will provide after resolution of the substantive claims in this case.

SIGNED at Houston, Texas, on this __6__ day of September, 2019.

_____
DAVID HITTNER
United States District Judge