# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

Chevron Intellectual Property LLC and
Chevron U.S.A. Inc.,

    Plaintiffs,

v.

Sariel Petroleum, LLC,
Arael Doolittle, & Alvin Diaz,

    Defendants.

Case No. 4:18-cv-158

## JURY CHARGE

**MEMBERS OF THE JURY:**

### A. Introduction

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you

on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

### B. Burden of Proof

You must answer all questions by a preponderance of the evidence except as specifically instructed by the Court. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Chevron is seeking and is entitled to any profits earned by Defendants that are attributable to Defendants' infringement of Chevron's trademarks. Although Chevron ultimately bears the burden of proving Defendants' profits by a preponderance of the evidence, the burden of proof shifts to the Defendants to prove their expenses once Chevron has proven Defendants' gross revenue received from its unauthorized use of the trademark.

### C. Calling Witnesses

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require

any party to produce as exhibits all papers and things mentioned in the evidence in the case.

### D. Objections and Rulings of the Court

During the course of the trial, you may have heard counsel make objections to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against an attorney or the attorney's client because that attorney has made an objection.

If I overruled an objection and permitted evidence to be admitted over the objection, my ruling on any objection is not, and should not be considered by you to be, any indication of an opinion by me regarding the weight, effect, or probative value of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence.

If I sustained an objection to a question or to the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

### E. Witness Testimony

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory;

and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

### F. Consideration of the Evidence

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony, exhibits, stipulated facts, and judicially noticed facts as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence.

## G. Juror Notes

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## II. Instructions on Damages

### A. Introduction

The Court has found Defendants liable for trademark infringement, unfair competition, and trademark dilution. In this case, Chevron seeks to disgorge Defendants' profits gained from their infringing, diluting, and unfair competition activities. Having heard evidence on Chevron's claim that you should disgorge Defendants' profits from its infringing activities, you must now determine the profits to which Chevron is entitled (if any). Chevron must prove those profits by a preponderance of the evidence.

Chevron further seeks to have those same profits enhanced to compensate for any inadequacy or uncertainty as to the amount of profits Defendants earned from their unauthorized use of Chevron's trademarks.

7

If you find from a preponderance of the evidence that Chevron sustained a technical violation of any claim but that Defendants earned no profits from their infringement of Chevron's trademark, then you may award Chevron nominal damages. Nominal damages are an inconsequential or trifling sum awarded to a plaintiff when a technical violation of its rights has occurred but the plaintiff has suffered no actual loss or injury.

Chevron also seeks a finding that Defendants' conduct was willful, including that Defendants infringed Chevron's trademarks maliciously, fraudulently, deliberately, or willfully.

### B. Cautionary Instruction on Damages

You should not interpret the fact that I am giving instructions about Chevron's damages as an indication in any way that I believe that Chevron is entitled to damages in this case. I am instructing you on damages only so that you will have guidance in the event you decide that Chevron has been damaged by Defendants' actions and is entitled to recover money from Defendants.

**Question No. 1:**

Chevron is entitled to recover all of Defendants' profits from their unauthorized use of Chevron's trademarks unless Defendants prove that a portion of their profit is due to factors other than unauthorized use of the trademarks.

Profits are determined by deducting all expenses from gross revenue. Chevron is required to prove only the gross revenue Defendants received from their unauthorized use of the trademarks by a preponderance of the evidence. Gross revenue is all of the money Defendants received due to their unauthorized use of Chevron's trademarks.

Once Chevron proves the gross revenue Defendants received from the unauthorized use of Chevron's trademarks, the burden then shifts to Defendants to prove any expenses and the portion of their profit attributable to factors other than unauthorized use of Chevron's trademarks by a preponderance of the evidence. Expenses are all operating and production costs incurred in producing the gross revenue.

What amount of money, if any, do you determine should be paid to Chevron?

Answer in dollars and cents:

$ _1.1 million_

Proceed to Question No. 2.

**Question No. 2:**

If you believe that undiscovered evidence may exist showing Defendants received additional revenue from infringing activity and that Chevron has been unable to discover this information as a result of Defendants' actions, you may award an additional amount of money you believe represents the profits Defendants earned from this undiscovered infringing activity.

**What amount of additional money, if any, do you determine should be paid to Chevron in addition to the amount you answered for Question No. 1?**

**Answer in dollars and cents:**

$ _____

Proceed to Question No. 3.

### Question No. 3:

Chevron is required to prove this question by clear and convincing evidence. Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction as to the truth of the matter sought to be established. It is evidence so clear, direct, weighty and convincing as to enable you to come to a clear conviction without hesitancy.

**Did Defendants act maliciously, fraudulently, deliberately, or willfully in infringing Chevron's trademarks?**

Answer "Yes" or "No" separately for each Defendant listed below.

| Defendant | Answer |
|---|---|
| **Sariel Petroleum, LLC:** | Yes |
| **Arael Doolittle:** | Yes |
| **Alvin Diaz:** | Yes |

## III. Instructions on Deliberations

It will soon be your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

## JURY VERDICT

We, the Jury, return the foregoing as our unanimous verdict.

**Dated:** February 26, 2020.