Case 4:18-cv-00158   Document 281   Filed on 05/26/20 in TXSD   Page 1 of 6
Case 4:18-cv-00158   Document 280-1   Filed on 05/22/20 in TXSD   Page 2 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 27, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Chevron Intellectual Property LLC and Chevron U.S.A. Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Sariel Petroleum, LLC, Sariel Enterprises, LLC, Arael Doolittle, Tracy K. Martinez, Bryan Martinez, Alvin Diaz, Arnold Salinas, Ken Watson, Rodney Shank, and Michael Szucs,<br><br>Defendants. | Case No. 4:18-cv-158 |

# **FINAL JUDGMENT**

This action was heard by United States District Judge David Hittner.

Having considered the evidence presented during a jury trial occurring February 18-25, 2020, the record before the Court, the jury's findings rendered on February 26, 2020, the parties' post-trial submissions, and the applicable law, the Court entered findings of fact and conclusions of law on April 22, 2020. Dkt. 279. Consistent with those findings of fact and conclusions of law, judgment is hereby entered in favor of Plaintiffs Chevron Intellectual Property LLC and Chevron U.S.A. Inc. (collectively, "Chevron") and against Defendants Sariel Petroleum, LLC

1

("Sariel Petroleum"), Arael Doolittle ("Doolittle"), Alvin Diaz ("Diaz"), Sariel Enterprises, LLC ("Sariel Enterprises"), Ken Watson ("Watson"), and Michael Szucs ("Szucs") (collectively, "Defendants")[1] as follows:

## Permanent Injunction[2]

It is ORDERED that Defendants Sariel Petroleum, Doolittle, Diaz and their respective officers, agents, servants, employees, and attorneys, and those persons acting in active concert or participation with, or at the behest or direction of any of them are hereby permanently enjoined from engaging in any of the following acts or omissions:

A.   Further use of the name "Chevron USA Products" or any of Chevron's federally registered trademarks ("Chevron's Trademarks"), the mark CHEVRON or the stylized CHEVRON design mark, either alone or in combination with other words, names, or symbols, including as a trade name, entity name, business name, or d/b/a, or in connection with the advertisement, marketing, offering for sale, or

---

[1] On November 21, 2019, the Court dismissed Defendants Bryan Martinez, Tracy Martinez, Arnold Salinas, and Rodney Shank only on the merits without prejudice to the right of Chevron to move for reinstatement within ninety days on proof that a final settlement could not be obtained. Dkt. 226.

[2] On October 28, 2019, the Court entered permanent injunctive relief against Defendant Sariel Enterprises. Dkt. 215. 4. On December 12, 2019, the Court entered permanent injunctive relief against Defendants Szucs and Watson. Dkt. 233.

sale of any products, or the use of the name Chevron in any domain names, websites, URLs, social media, or email addresses; and

B.  Performing or committing any other acts falsely representing products that are likely to cause confusion or mistake in the mind of the purchasing public, or to lead purchasers or the trade to believe that products come from, or are the products of, Chevron, or are somehow sponsored by, associated with, affiliated with, or connected with Chevron, or that there is some relation, association, affiliation, or connection between Chevron and Defendants Sariel Petroleum, LLC, Arael Doolittle, Alvin Diaz, Arnold Salinas, Sariel Enterprises, LLC, Rodney Shank, Tracy Martinez, Bryan Martinez, Ken Watson, and/or Michael Szucs; and

C.  Using the domain name <chevronus.com> or any other domain name using Chevron's Trademarks; and

D.  Accessing or using any bank account under the name "Chevron USA Products" or any other named Chevron entity at any bank or other depository institution; and

E.  Opening any new bank or other accounts under any named Chevron entity or using Chevron's Trademarks, the mark CHEVRON or the stylized CHEVRON design mark; and

F.  Passing off, inducing, or enabling others to sell or pass off, products or services as those of Chevron; and

3

G.  Diluting Chevron's Trademarks and otherwise unfairly competing with Chevron.

**Monetary Relief and Non-Dischargability Under 11 U.S.C. § 523(a)(6)**

It is further ORDERED that Chevron shall have and recover from Defendants Sariel Petroleum, Doolittle, Diaz, Sariel Enterprises, Watson, and Szucs, jointly and severally, $3,200,000.00 of disgorged profits trebled in the Court's discretion for an enhanced award of $9,600,000.00.

It is further ORDERED that Chevron shall have and recover from Sariel Enterprises $2,000,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c).

It is further ORDERED that Chevron shall have and recover from Watson $2,000,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c).

It is further ORDERED that Chevron shall have and recover from Szucs $2,000,000.00 in statutory damages pursuant to 15 U.S.C. § 1117(c).

It is further ORDERED that Defendants Sariel Petroleum, Doolittle, Diaz, Sariel Enterprises, Watson, and Szucs are jointly and severally liable for pre-judgment interest on the full amount of the judgment in the amount of the average monthly prime rate from the date Chevron's infringement claims accrued, in April 2016, until the date that this Court enters judgment.

It is further ORDERED that Defendants Sariel Petroleum, Doolittle, Diaz, Sariel Enterprises, Watson, and Szucs are jointly and severally liable for post-

judgment interest under 28 U.S.C. § 1961(a) on the full amount of the judgment at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

It is further ORDERED that Defendants Sariel Petroleum, Doolittle, Diaz, Sariel Enterprises, Watson, and Szucs are jointly and severally liable for Chevron's attorney fees and costs in an amount to be determined by submission under Federal Rule of Civil Procedure 54.

It is further ORDERED that, because Defendants Sariel Petroleum, Doolittle, Diaz, Sariel Enterprises, Watson, and Szucs were found to have maliciously and willfully violated Chevron's rights in Chevron's Trademarks, the terms of this judgment are not dischargeable in any bankruptcy proceeding pursuant to 11 U.S.C. § 523(a)(6).

It is further ORDERED that this Court will retain continuing jurisdiction over this matter (a) to construe, enforce or implement the terms of this judgment upon application by any party, and (b) for the purpose of making any orders that are necessary or proper for the construction, modification or enforcement of this judgment, or for the punishment of any violation thereof.

The Court orders execution to issue for this judgment.

Signed this **26** of **May**, 2020.

*/s/ David Hittner*
DAVID HITTNER
United States District Judge